PER CURIAM.
We reverse the revocation of probation and commitment order for the offense of criminal mischief. The trial court lacked jurisdiction to impose any additional penalty for the crime of criminal mischief because the Appellant had served the maximum sentence for that offense before the affidavit of revocation of probation was filed. See B.C.M. v. State, 838 So.2d 664 (Fla. 1st DCA 2003); T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997), approved, 716 So.2d 269 (Fla.1998). The separate commitment order for the crime of grand theft of a firearm is not challenged on appeal.
For these reasons we reverse with instructions to vacate the commitment order for the crime of criminal mischief and affirm the commitment order for the crime of grand theft of a firearm.
BENTON, PADOVANO and BROWNING, JJ., concur.